Sheldon *v.* Stokes.

JOSEPHINE SHELDON

*v.*

LOUIS STOKES et al.

An allegation in a bill that the defendant, by virtue of a judgment and execution at law against complainant's grantor, has seized upon and is about to sell lands to which complainant has the legal title, presents no equitable ground for enjoining such sale.

Injunction bill. On motion to dissolve the injunction on bill and answer.

*Mr. John C. Ten Eyck,* for the motion.

*Mr. M. R. Sooy, contra.*

THE CHANCELLOR.

The bill is an injunction bill to restrain the sheriff of Burlington county and the plaintiff in an execution in the hands of the former, from selling two parcels of land there under the execution. It states that the complainant is seized of the property by virtue of two deeds therefor—one, for one lot, from Samuel Perkins, dated November 26th, 1879, and recorded three days afterwards, the other, for the other lot, from George Rigg, dated

February 25th, 1880, and recorded the next day; that on or about January 13th, 1881, the defendant Stokes recovered a judgment against Perkins in the supreme court for $3,209.10, or thereabouts, and the next day issued execution thereon; that the sheriff, under and by virtue of that writ, levied on the property and has advertised it and intends to sell it, and that the complainant has requested both the sheriff and Stokes's attorney, without avail, to desist from selling the land. These are all the statements and allegations of the bill. Stokes answers, setting up fraud in the conveyances, and alleging that both parcels of land belonged to Perkins, who conveyed one directly and the other through Rigg to the complainant, who is his daughter, with intent to defraud his creditors, and that they, therefore, are null and void as against him as a creditor of Perkins. The complainant's claim for relief in equity is based on the mere fact that the defendants are proceeding to sell, under an execution against Perkins, land to which she has the legal title, and whereof, for aught that appears, she is in possession. It cannot be maintained. *Freeman* v. *Elmendorf, 3 Hal. Ch. 655 ; American Dock &c. Co.* v. *Trustees &c., 5 Stew. Eq. 428.* The injunction will be dissolved, with costs.